**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LASHON HOLLINGTON,<br><br>                Plaintiff,<br><br>- v -<br><br>READY SET LEARN CHILD CARE CENTER LLC, READY SET LEARN, LLC, and HABITOT ES LLC,<br><br>                Defendants. | Civil Action No.: 22-cv-9908<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiff Lashon Hollington ("Hollington"), by and through her undersigned attorney, brings this Complaint against Defendants Ready Set Learn Child Care Center LLC, Ready Set Learn, LLC, and Habitot ES LLC, and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq.

**JURISDICTION, VENUE, AND PROCEDURAL REQUIREMENTS**

2. The Court has original jurisdiction over Hollington's federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

3. The Court has supplemental jurisdiction over Hollington's state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred

there.

5. All conditions precedent to filing the instant action have been fulfilled. On or about April 28, 2022, Hollington submitted a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On or about November 9, 2022, the EEOC issued Hollington a Notice of Right to Sue, and this action is being brought within 90 days of Hollington's receipt of the Notice of Right to Sue.

6. Within 10 days of the commencement of this action, Hollington will provide notice of this action to the New York City Commission on Human Rights and Corporation counsel, pursuant to the New York City Administrative Code § 8-502(c).

## PARTIES

7. Plaintiff Hollington is a resident of the State of New York and former Lead Teacher of Defendants Ready Set Learn Child Care Center LLC, Ready Set Learn, LLC, and Habitot ES LLC (collectively, "Habitot").

8. At all relevant times, Hollington was an "employee" of Habitot under all relevant statutes.

9. Defendant Ready Set Learn Child Care Center LLC is a domestic limited liability company registered in New York and permitted to do business in New York.

10. Defendant Ready Set Learn, LLC is a domestic limited liability company registered in New York and permitted to do business in New York.

11. Defendant Habitot ES LLC is a domestic limited liability company registered in New York and permitted to do business in New York.

12. Habitot conducted business at 3480 3rd Avenue, Bronx, NY 10456, where it employed Hollington.

13. Habitot employed more than 14 employees throughout Plaintiff's employment.

14. Habitot exercised joint control over Hollington's employment.

15. Hollington was supervised by Marlene Beeston, who held herself out as Regional Director for "Ready Set Learn."

16. Hollington's employment application for Habitot listed the company name "Ready, Set, Learn."

17. Habitot issued forms to Hollington with the heading "Ready Set Learn Child Care Center," listing the "Center" as "Habitot Es LLC."

18. Habitot issued Hollington a "staff member handbook" informing her that "[a]s a staff member of Ready Set Learn LLC, you are very important."

19. Defendant Ready Set Learn, LLC's website (https://readysetlearn.nyc/about/) asserts that "Ready Set Learn is a privately owned childcare center" and lists "Habitot" as one of its three locations.

20. Defendant Ready Set Learn, LLC's letterhead lists "Habitot" as one of its three locations.

21. Defendant Habitot ES LLC asserts in its online business description that "At 'Ready Set Learn/Habitot' we are a privately owned day care center."

22. At all relevant times, Habitot was Hollington's "employer" under all relevant statutes.

**FACTUAL BACKGROUND**

23. Hollington received her B.A. from College of New Rochelle in 2001.

24. Hollington had over 20 years of experience as a lead teacher when she was hired by Habitot.

25. At all relevant times, Hollington obtained all yearly Early Childhood Education workshop requirements needed to maintain employment.

26. In October 2021, Hollington started working for Habitot as a Lead Teacher at its 3480 3rd Avenue, Bronx, NY 10456 location, where she worked throughout her employment.

27. Hollington succeeded in this role and received positive feedback based on her performance.

28. Hollington sustained knee injuries, including a torn meniscus and torn anterior cruciate ligament in or about July 2021.

29. Those knee injuries worsened in early 2022, requiring that Hollington undergo pain management, spinal epidural, and ultimately arthroscopy surgery on her left knee.

30. Hollington's worsening knee injuries impacted her ability to walk, stand, lift, bend, and work.

31. Hollington informed Habitot of the medical issues associated with her worsening knee injuries and provided corresponding doctor's notes.

32. The elevators at Hollington's work location were frequently out of service, forcing her to walk up and down stairs to reach her classroom.

33. Hollington was often required to walk her class to a playground located two blocks away from the school.

34. Due to the impact of her knee injuries on her ability to walk, Hollington requested that Habitot allow another teacher watch over her class during a walk to the playground.

35. Habitot did not approve or deny Hollington's accommodation request.

36. Habitot's Director, Katrina Holmes, approached Hollington shortly after the accommodation request and yelled at her that if she needed another teacher to help, she was not

able to do her job.

37. On February 11, 2022, Hollington informed Habitot that she would be having surgery performed on her knee on February 17, 2022.

38. In February 2022, Hollington took medical leave.

39. Hollington provided a doctor's note to Habitot, which explained her diagnosis and that she would be permitted to return to work following the surgery.

40. On February 17, 2022, Hollington informed Habitot by email that her surgery would be delayed until March 10, 2022, due to an insurance authorization issue and the surgeon's limited availability, and asked if she need take any additional steps.

41. Habitot did not respond to the February 17, 2022 email.

42. On or about February 25, 2022, Hollington requested that Habitot apply her accrued time off to any time she would be forced to take off work because she was not permitted to return until after the surgery, but received no response.

43. Habitot did not respond to the February 25, 2022 request.

44. On February 28, 2022, Hollington again requested that Habitot apply her accrued time off to any time she would be forced to take off work given the surgery postponement.

45. Habitot did not respond to the February 28, 2022 request.

46. On March 1, 2022, Hollington again requested that Habitot apply her accrued time off for any time she would be forced to take off work given the surgery postponement.

47. Habitot responded on March 1, 2022, claiming that Hollington had not provided requested medical documentation, that "three days out without any medical documentation is considered- job abandonment" and that "your classroom has been combined due to low enrollment, and your position is no longer needed."

48. Habitot never responded to Hollington's request to apply her accrued time off to the period of time she would be forced to take off work given the surgery postponement

49. Had Habitot allowed Hollington to apply her accrued time off or otherwise extend her leave until her March 10 surgery, she would have been able to return to work following the surgery and perform the essential functions of her position.

## FIRST CAUSE OF ACTION
### (Disability Discrimination in Violation of the ADA)
*Against All Defendants*

50. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

51. Defendant Habitot has discriminated against Hollington on the basis of her disability and request for a reasonable accommodation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Hollington has suffered disparate treatment as a result of Habitot's wrongful conduct.

52. Hollington is a disabled individual under the ADA and was perceived by Habitot as being disabled, and she is therefore a member of a protected class.

53. Hollington was qualified to work as a Lead Teacher for Habitot and satisfactorily performed the duties required by that position.

54. Habitot subjected Hollington to an adverse employment action because of her disability, including, but not limited to, terminating her employment while she was on medical leave.

55. As a direct and proximate result of Habitot's unlawful employment practices, Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

56. Defendant Habitot's conduct has been intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of Hollington, entitling her to punitive damages.

## SECOND CAUSE OF ACTION
**(Failure to Accommodate under the ADA)**
*Against All Defendants*

57. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

58. Hollington is a disabled individual under the ADA and was perceived by Habitot as being disabled, and is therefore a member of a protected class.

59. Habitot was aware and on notice of Hollington's disability and its symptoms.

60. Hollington requested reasonable accommodations for her disability that would facilitate her return to the office, including extending her medical leave to accommodate her surgery postponement and applying her accrued time off to that extended leave.

61. In response, Defendant Habitot terminated Hollington's employment while she was on medical leave, refused to respond to her request to apply to her accrued time off or participate in any interactive discussion or process to determine if there was an accommodation that would assist Hollington to return to the workplace.

62. Had Habitot provided Hollington with a reasonable accommodation, Hollington could have performed the essential functions of her job.

63. Accordingly, Habitot discriminated against Hollington by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the ADA.

64. As a direct and proximate result of Habitot's unlawful employment practices,

Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

65. Habitot's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Hollington, entitling her to punitive damages.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of the ADA)
*Against All Defendants*

66. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

67. Hollington requested and took medical leave to undergo treatment and surgery for her knee injuries.

68. As set forth in detail above, Defendant Habitot subjected Hollington to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of Hollington's statutory and constitutional rights.

69. Habitot was aware that Hollington opposed unlawful conduct and/or asserted her rights under the ADA, including but not limited to, her request for, and taking of, medical leave because of her disability.

70. Habitot, unlawfully and without cause, retaliated against Hollington as a direct result of Hollington asserting her rights under the ADA as someone with disability or perceived disability, and Hollington suffered materially adverse employment actions as a result.

71. As a direct and proximate result of Habitot's unlawful employment practices, Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

72. Habitot's conduct has been intentional, deliberate, willful, malicious, reckless and

conducted in callous disregard of the rights of Hollington, entitling her to punitive damages.

73. Accordingly, Habitot retaliated against Hollington in violation of her statutory rights as guaranteed by the ADA.

## FOURTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYSHRL)
*Against All Defendants*

74. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

75. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Hollington because of her disability.

76. Hollington is a disabled individual under the NYSHRL and/or was perceived by Defendants as being disabled, and she is therefore a member of a protected class.

77. Hollington was qualified to work as a Lead Teacher for Defendants and she satisfactorily performed the duties required by the position she held with Defendants.

78. As set forth in detail above and herein, Defendants discriminated against Hollington and subjected her to adverse employment actions, including, but not limited to, terminating her employment while she was on medical leave.

79. As a direct and proximate result of Defendants' unlawful employment practices, Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

80. Accordingly, Defendants discriminated against Hollington because of her disability, in violation of her statutory rights as guaranteed by the NYSHRL.

## FIFTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYSHRL)
*Against All Defendants*

81. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

82. Hollington is a disabled individual under the NYSHRL and/or was perceived by Defendants as being disabled, and she is therefore a member of a protected class.

83. Defendants were aware and on notice of Hollington's disability and its symptoms thereof.

84. Hollington requested reasonable accommodations for her disability that would facilitate her return to the office, including extending her medical leave to accommodate her surgery postponement and applying her accrued time off to that extended leave.

85. In response, Defendants terminated Hollington's employment while she was on medical leave, refused to respond to her request to apply to her accrued time off or participate in any interactive discussion or process to determine if there was an accommodation that would assist Hollington to return to the workplace.

86. Had Defendants provided Hollington with a reasonable accommodation, Hollington could have performed the essential functions of her job.

87. Accordingly, Defendants discriminated against Hollington by virtue of failing to accommodate her known disability and failing to engage in an interactive process in violation of the NYSHRL.

## SIXTH CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)
*Against All Defendants*

88. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if

fully set forth herein.

89. As set forth in detail above, Hollington requested and took medical leave to undergo treatment and surgery for her knee injuries.

90. Defendants retaliated by subjecting Hollington to discrimination and adverse employment actions because of her actual and/or perceived disability in violation of Hollington's statutory and constitutional rights.

91. Defendants were aware that Hollington opposed unlawful conduct and/or asserted her rights under the NYSHRL, including but not limited to, her request for, and taking of, medical leave because of her disability.

92. Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

93. Accordingly, Defendants retaliated against Hollington in violation of her statutory rights as guaranteed by the NYSHRL.

## SEVENTH CAUSE OF ACTION
### (Disability Discrimination in Violation of the NYCHRL)
*Against All Defendants*

94. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

95. The aforementioned facts and circumstances demonstrate that Defendants discriminated against Hollington because of her disability.

96. Hollington is a disabled individual under the NYCHRL and/or was perceived by Defendant as being disabled, and she is therefore a member of a protected class.

97. Hollington was qualified to work as a Lead Teacher for Defendants and she

satisfactorily performed the duties required by the position she held with Defendants.

98. As set forth in detail above and herein, Defendants discriminated against Hollington in the terms and conditions of her employment by treating Hollington less well than her similarly situated, non-disabled coworkers.

99. Defendants subjected Hollington to adverse employment action because of her disability, including, but not limited to, terminating her employment while she was on medical leave.

100. As a direct and proximate result of Defendants' unlawful employment practices, Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

101. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Hollington, entitling her to punitive damages.

102. Accordingly, Defendants discriminated against Hollington because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

## EIGHTH CAUSE OF ACTION
### (Failure to Accommodate in Violation of the NYCHRL)
*Against All Defendants*

103. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

104. Hollington is a disabled individual under the NYCHRL and/or was perceived by Defendants as being disabled, and she is therefore a member of a protected class.

105. Defendants were aware and on notice of Hollington's disability and its symptoms thereof.

106. Hollington requested reasonable accommodations for her disability that would

facilitate her return to the office, including extending her medical leave to accommodate her surgery postponement and applying her accrued time off to that extended leave.

107. In response, Defendants terminated Hollington's employment while she was on medical leave, refused to respond to her request to apply to her accrued time off or participate in any interactive discussion or process to determine if there was an accommodation that would assist Hollington to return to the workplace.

108. Had Defendants provided Hollington with a reasonable accommodation, Hollington could have performed the essential functions of her job.

109. As a direct and proximate result of Defendants' unlawful employment practices, Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

110. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Hollington, entitling her to punitive damages.

111. Accordingly, Defendants discriminated against Hollington by virtue of failing to accommodate her known disability under NYCHRL.

## NINTH CAUSE OF ACTION
### (Retaliation in Violation of the NYCHRL)
*Against All Defendants*

112. Hollington repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth herein.

113. As set forth in detail above, Hollington requested and took medical leave to undergo treatment and surgery for her knee injuries.

114. Defendants treated Hollington less well than similarly situated employees by subjecting her to discrimination and adverse employment actions because of her actual and/or

perceived disability in violation of the NYCHRL.

115. Defendants were aware that Hollington opposed unlawful conduct and/or asserted her rights under the NYCHRL, including but not limited to, her request for, and taking of, medical leave because of her disability.

116. Defendants, unlawfully and without cause, retaliated against Hollington as a direct result of Hollington asserting her rights and/or opposing unlawful conduct under the NYCHRL, and Defendants' conduct is reasonably likely to deter an individual from engaging in such protected activity.

117. As a direct and proximate result of Defendants' unlawful employment practices, Hollington has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress, which has manifested in physical symptoms.

118. Defendants' conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Hollington, entitling her to punitive damages.

119. Accordingly, Defendants retaliated against Hollington in violation of her statutory rights as guaranteed by the NYCHRL.

**RELIEF**

Plaintiff Lashon Hollington demands judgment in her favor and against Defendants Ready Set Learn Child Care Center LLC, Ready Set Learn, LLC, and Habitot ES LLC as follows:

A. A declaratory judgment that the actions of Defendants complained of herein violate the ADA, New York State Human Rights Law, and New York City Human Rights Law;

B. An injunction and order permanently restraining Defendants from engaging in any

        such further unlawful conduct;

C.     An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Hollington for all monetary and/or economic damages, including but not limited to past and future lost earnings;

D.     An award of damages against Defendants, in an amount to be determined at trial, plus prejudgment interest, to compensate Hollington for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

E.     An award of punitive damages, in an amount to be determined at trial;

F.     Prejudgment interest on all amounts due;

G.     An award of Hollington's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

H.     Such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Lashon Hollington demands a trial by jury on all issues so triable of right.

Dated: November 21, 2022                     Respectfully submitted,

                                                      /s/ Alex Rissmiller
                                                      Alex Rissmiller
                                                      5 Pennsylvania Plaza, 19th Floor
                                                      New York, NY 10001
                                                      T: (646) 664-1412
                                                      arissmiller@rissmiller.com

                                                      *Counsel for Plaintiff Lashon Hollington*